UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-304-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Christopher Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-3-133) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Smith argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He maintains that correctional staff falsely accused him of using a makeshift spear as a weapon. He also notes a discrepancy between the time provided in the conduct report and the time stamps provided in the video recording summary.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents that, "at approximately 6:40 p.m.," he removed a spear made of paper, paper clips, and other materials from Smith's cell. ECF 1-1 at 1. The administrative record also includes a video recording summary indicating that, "at 18:30:11," Smith brandished and then jabbed the makeshift spear at a correctional officer. *Id.* at 3. The conduct report and the video recording summary constitute some evidence that Smith possessed a weapon. Moreover, the minor discrepancy between the times provided in the conduct report and video recording summary does not suggest that Smith did not possess a weapon, nor does it otherwise undermine the finding of guilt. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Smith further argues that the finding of guilt for possession of a weapon constituted a violation of his rights under the Double Jeopardy Clause because he was

also found guilty of battery based on the same incident. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Additionally, upon review of the disciplinary policy with respect to the relevant offenses,[1] the court finds that, even if these disciplinary findings amounted to criminal convictions, they would not have violated Smith's rights under the Double Jeopardy Clause. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *U.S. v. Faulkner*, 793 F.3d 752, 758 (7th Cir. 2015) (same). Therefore, the argument that the finding of guilt subjected Smith to double jeopardy is not a basis for habeas relief.

If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

---

[1] This policy is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

3

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Christopher Smith leave to appeal in forma pauperis.

SO ORDERED on April 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT